United States District Court
Middle District of Florida
Jacksonville Division

**JIMMIE LAZENBERRY,**

 *Plaintiff,*

v.               NO. 3:16-CV-381-J-20PDB

**INTERNAL REVENUE SERVICE,**

 *Defendant.*

## Report and Recommendation

  Jimmie Lazenberry, proceeding without a lawyer, filed a two-page complaint alleging an Internal Revenue Service ("IRS") employee falsely used taxpayers' personal information and filed false tax returns without taxpayers' permission, which has caused him to "set back" bills he planned to pay with refunds. Doc. 1 at 2. He later filed a motion for appointment of counsel, Doc. 3, and two notices providing additional allegations. Docs. 4, 6.

  In his first notice, Lazenberry states the IRS "has been found at fault of defrauding the gov[ernment] and taxpayers," explains he investigated the IRS claims department and found employees were causing delays and filing false tax returns, and asks the Clerk of Court to "grant this case of approver for taxpayer to file a civil action lawsuit." Doc. 4 (capitalization omitted).

  In his second notice, Lazenberry complains he has waited too long for his tax refund and the IRS has unfairly requested a 1098T form and tuition statement. Doc. 6. He attaches his 2014 tax refund, Doc. 6 at 6, and a letter

from the IRS informing him that his correspondence has been referred to the review department, Doc. 6 at 7.

I denied Lazenberry's motion to appoint counsel and directed him to either pay the filing fee or request permission to proceed in forma pauperis ("IFP"). Doc. 7. When he did not, I directed him to show cause why his case should not be dismissed for failure to comply with the Court's order and otherwise prosecute the case. Doc. 8. I warned failure to respond to the order could result in a dismissal of the case without further notice. Doc. 8.

Lazenberry timely responded he was having trouble sending documents to the Court, repeated the allegations in his complaint and notices, requested permission to proceed IFP, and attached a completed long-form affidavit of indigency. Doc. 9. He added he sent the IRS his tuition statements but it claims it has not received them. Doc. 9 at 2. He explained he received a letter from the IRS claims department stating it investigated his tax returns, found a "suspect at [fault]," and is taking the suspect to court for using his tax returns without permission. Doc. 9 at 3. He requested investigation of the "scam." Doc. 9 at 3.

Based on that response and the information in the affidavit, I discharged the order to show cause and granted Lazenberry's request to proceed IFP. Doc. 10. Because the complaint was deficient, even treating it leniently given his pro se status, I ordered him to, by October 14, 2016, file an amended complaint that is signed, demands relief, and includes specific factual allegations in numbered paragraphs that plausibly show entitlement to that relief. Doc. 10 at 4. I warned that, if he did not, he would "risk dismissal without further proceedings based on failure to prosecute and comply with the order." Doc. 10 at 4. I also entered an order informing him of the Court's rules

and warning failure to comply with any court order could result in sanctions, including dismissal of his case. Doc. 11 at 1.

The October 14, 2016, deadline has passed, and Lazenberry has not filed an amended complaint or requested more time to do so.

Federal Rule of Civil Procedure 41(b) allows a court to dismiss a case for failure to prosecute. "Although the rule is phrased in terms of dismissal on the motion of the defendant, it is clear that the power is inherent in the court and may be exercised sua sponte whenever necessary to achieve the orderly and expeditious disposition of cases." *Lopez v. Aransas Cty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978); *see also West v. Peoples*, 589 F. App'x 923, 928 (11th Cir. 2014) ("[I]t is well-established that a district court has the power to manage its own docket, which includes the inherent power to dismiss an action for failure to prosecute or for failure to obey a court order."). A court may impose a dismissal with prejudice for failure to prosecute only if there is a "clear record of delay or contumacious conduct by the plaintiff." *Morewitz v. West of England Ship Owners Mut. Prot. & Indem. Ass'n (Luxembourg)*, 62 F.3d 1356, 1366 (11th Cir. 1995).

Under 28 U.S.C. § 1915(e)(2)(B), a court "shall" dismiss an action by a plaintiff proceeding IFP if at any time the court determines the action is frivolous, malicious, or fails to state a claim on which relief may be granted. To decide if a pro se, IFP complaint fails to state a claim on which relief may be granted, a court must construe the complaint liberally and apply the Federal Rule of Civil Procedure 12(b)(6) standards. *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008).

A complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive

dismissal under Rule 12(b)(6), it must allege facts, accepted as true, that state a claim "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). That standard asks for less than a probability but "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

A complaint must contain a "demand for the relief sought." Fed. R. Civ. P. 8(a)(3). A complaint must set forth claims "in numbered paragraphs, each limited as far as practicable to a single set of circumstances," and, "[i]f doing so would promote clarity," set forth each claim founded on a separate transaction or occurrence in a separate count. Fed. R. Civ. P. 10(b). A complaint must be signed "by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a). "The court must strike an unsigned paper unless the omission is promptly corrected after being called to the … party's attention." *Id.*

Lazenberry has not complied with the Court's order directing him to file an amended complaint to correct deficiencies, Doc. 10, despite warnings failure to comply with Court orders could result in dismissal of his case,[1] Doc. 10 at 4, Doc. 11 at 1. As a result, his complaint remains deficient. It is unsigned, does not state claims in numbered paragraphs, demands no type of relief, and

---

[1]Lazenberry should be familiar with the requirement to comply with court orders and diligently prosecute his case; many of his other cases in this Court have been dismissed in part or in whole for failure to do so. *See Jimmie Lazenberry v. Internal Revenue Service*, No. 3:16-cv-425-J-20MCR, Docs. 9, 10; *Jimmie Lazenberry v. Ameri-Force, Inc.*, 3:16-cv-359-J-34JRK, Docs. 8, 9; *Jimmie Lee Lazenberry v. Jacksonville Housing Assistance*, No. 3:13-cv-269-J-34-JBT, Docs. 7, 8; *Jimmie Lazenberry v. Vocational Rehabilitation Office*, No. 3:13-cv-207-J-20JBT, Docs. 8, 9.

includes only conclusory statements with no factual allegations that, accepted as true, state a plausible claim against the defendant. *See* Doc. 1.

I recommend the Court **dismiss** the case without prejudice for failure to comply with the Court's order or otherwise prosecute the case[2] and for failure to state a claim on which relief may be granted.[3]

**Entered** in Jacksonville, Florida, on November 8, 2016.

_____
PATRICIA D. BARKSDALE
*United States Magistrate Judge*

c:   Jimmie Lazenberry
     1638 Windle Street
     Jacksonville, Florida 32209

---

[2]Under Local Rule 3.10, if it appears a plaintiff is not diligently prosecuting his case, "the Court may ... enter an order to show cause why the case should not be dismissed, and if no satisfactory cause is shown, the case may be dismissed by the Court for want of prosecution." In a written objection to this report and recommendation, Lazenberry may show cause why this case should not be dismissed for failure to prosecute.

[3]"Within 14 days after being served with a copy of [a report and recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; Local Rule 6.02.